**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SHENZHEN NEEWER TECHNOLOGY CO., LTD., <br><br> Plaintiff, <br> v. <br><br> GUANGDONG SIRUI OPTICAL CO., LTD., <br><br> Defendant. | CASE NO. 26-CV-01770 <br><br> COMPLAINT FOR DECLARATORY JUDGMENT OF PATENT NON-INFRINGEMENT AND INVALIDITY <br><br> JURY TRIAL DEMANDED |

Plaintiff Shenzhen Neewer Technology Co., Ltd. ("Plaintiff" or "Neewer") hereby brings this action for declaratory judgment of patent non-infringement and patent invalidity against Defendant Guangdong Sirui Optical Co., Ltd. ("Defendant" or "Sirui), and in support of the same, alleges as follows.

**NATURE OF THE ACTION**

1. Plaintiff brings this action for declaratory relief under 28 U.S.C. under §§ 2201 and 2202, and thereunder seeks declaratory judgment of non-infringement and invalidity with respect to the claims of U.S. Patent No. 10,451,214 (the "'214 Patent").

2. Plaintiff seeks this declaratory relief on issues related to patent non-infringement and invalidity pursuant to 35 U.S.C. § 1, *et seq.*, including 35 U.S.C. §§ 102, 103, 112, 271, 281, 283, 284, 285, and 289.

3. Plaintiff brings this action in view of the actual, real, concrete, and justiciable controversy created by Defendant through Defendant's accusation of patent infringement by certain ones of Plaintiff's products in written correspondence from Defendant to Plaintiff.

## THE PARTIES

4. Plaintiff Shenzhen Neewer Technology Co., Ltd. is a company organized under the laws of the People's Republic of China having a place of business at Room 1903, Tower A, Lushan Building, No. 3023 Chunfeng Road, Nanhu Subdistrict, Luohu District, Shenzhen, China.

5. Plaintiff sells certain tripods, stands, and other similar products on its branded website https://www.neewer.com and on a branded storefront on https://www.amazon.com. Plaintiff sells these products under the "Neewer" brand. Via this web presence, Plaintiff sells its products to residents of the United States, including residents of Illinois in this Judicial District.

6. Upon information and belief, Defendant Guangdong Sirui Optical Co., Ltd. is a Chinese corporation with a principal place of business at The Third Industrial District, Wuguishan Town, Zhongshan City, Guangdong Province, China, 528458.

7. Upon information and belief, Defendant is the owner, by assignment of the '214 Patent.

8. A true and accurate copy of the '214 Patent is attached hereto as Exhibit 1.

9. A true and accurate copy of the assignment that conveys ownership rights in the '214 Patent to Defendant is attached as Exhibit 2 hereto.

10. A true and accurate copy of the file history of the '214 Patent, demonstrating the reasons why the United States Patent and Trademark Office granted the '214 Patent over the prior art known thereto, is attached hereto as Exhibit 3.

11. Upon information and belief, Defendant does not have any place of business in the United States.

12. Upon information and belief, Defendant does business as Sirui on https://www.amazon.com.

13. Defendant maintains a branded storefront on Amazon.com under the Sirui brand, which is available at https://www.amazon.com/sirui/s?k=sirui.

14. Defendant also maintains a branded open web website under the Sirui brand at https://store.sirui.com/.

15. Through Defendant's branded Amazon.com storefront, Defendant offers to sell and sells products to consumers located in the Northern District of Illinois.

16. Through Defendant's branded open web website, Defendant offers to sell and sells products to consumers located in the Northern District of Illinois.

## JURISDICTION AND VENUE

17. This Court has original subject matter jurisdiction over Plaintiff's patent-related declaratory judgment claims pursuant to the provisions of the Patent Act, 35 U.S.C. § 1 *et seq.*, 28 U.S.C. § 1338(a)-(b) (exclusive patent claim jurisdiction) and 28 U.S.C. § 1331 (original federal question jurisdiction).

18. Upon information and belief, Defendant is organized under the laws of the People's Republic of China and has its principal place of business in China.

19. Upon information and belief, Defendant does not reside in, is not incorporated in, and does not maintain its principal place of business in any state of the United States.

20. Upon information and belief, Defendant has no regular and established place of business in the United States.

21. Upon information and belief, Defendant purposefully directs commercial activities to the United States by selling products into the United States through Amazon.com and other online channels, such as its branded open web website, thereby establishing continuous and systematic contacts with the United States as a whole.

22. Upon information and belief, Defendant's sales into the United States are dispersed among multiple states and are not so continuous and systematic in any single state as to render Defendant subject to general personal jurisdiction in such single state.

23. Plaintiff has regularly sold its products, including its Non-Infringing Products (as that term is defined below), into the United States through Amazon.com and through its own branded website.

24. Plaintiff's regular sales of the Non-Infringing Products have included regular sales to customers in Illinois and within this Judicial District.

25. Illinois residents, including residents of this district, can and do view Plaintiff's listings on Amazon.com and Plaintiff's branded open web website, communicate with Plaintiff regarding those listings, purchase the Non-Infringing Products for delivery into Illinois, and receive corresponding sales confirmations.

26. The attorney Defendant hired to send a letter to Plaintiff alleging that Plaintiff infringes the '214 Patent is based in Chicago, Illinois, in this Judicial District.

27. That same attorney, based in Chicago, Illinois, in this Judicial District, was Defendant's counsel of record during prosecution of the application that issued as the '214 Patent at the United States Patent and Trademark Office.

28. This Court may exercise personal jurisdiction over Defendant pursuant to Federal Rule of Civil Procedure 4(k)(2) because Plaintiff's claims arise under federal law, Defendant has sufficient contacts with the United States as a whole to satisfy due process, and Defendant is not subject to personal jurisdiction in any state's courts of general jurisdiction.

29. Venue is proper in this Court under 28 U.S.C. §§ 1391(b)(3) and 1391(c)(3) because Defendant is not a resident of the United States and there is no judicial district in which

the action may otherwise be brought.

## DEFENDANT'S ASSERTION OF
## INFRINGEMENT OF THE '214 PATENT

30. On January 22, 2026, Defendant sent a letter to Plaintiff regarding the '214 Patent ("Assertion Letter"). A true and accurate copy of the Assertion Letter is attached hereto as Exhibit 4.

31. Counsel for Defendant who signed the Assertion Letter is located in this District, and particularly is located in Chicago, Illinois.

32. In the Assertion Letter, Defendant alleged that Plaintiff's "tripods" feature a cap that allegedly infringes the '214 Patent. (Exhibit 4 at 1).

33. Defendant alleged that the following "tripod" models attributable to Plaintiff infringe the '214 Patent:

- N-284+G0
- TP27
- TP63/64
- TP 72A
- TP77
- TP08 (TP13/TP15)
- N55C

(Exhibit 4 at 1-3).

34. The above products identified in the Assertion Letter, and any other similarly designed products (including any and all "size and length variations" of the same), are referred to herein as the "Non-Infringing Products." (Exhibit 4 at 3).

35. In the Assertion Letter, Defendant stated that "Nothing in this letter shall be construed to constitute an express or implied waiver of any rights or remedies that Sirui may have or hereafter obtain in connection with this matter, all of which are hereby expressly reserved." (Exhibit 4 at 3).

36. The Assertion Letter was intended to place Plaintiff on notice of an actual and justiciable controversy with respect to the Non-Infringing Products and their alleged infringement of the '214 Patent.

37. The Assertion Letter creates an actual and justiciable controversy with respect to the Non-Infringing Products and their alleged infringement of the '214 Patent.

38. The Assertion Letter provides a substantial and real threat of an imminent lawsuit by Defendant against Plaintiff for infringement of the '214 Patent.

39. The threat provided by the Assertion letter is real, concrete, and imminent.

40. The threat provided by the Assertion letter is not hypothetical.

## THE NON-INFRINGING PRODUCTS DO NOT INFRINGE THE '214 PATENT

41. The '214 Patent contains three independent claims: claims 1, 6, and 11.

42. Claim 1 of the '214 Patent requires, among other limitations, the following:

> "an end cap configured to engage a distal end of the second tube, the end cap comprising: an end plate with an opening formed therethrough" and "at least one slit [that is] is communicative with the opening of the end plate."

43. The Non-Infringing Products do not infringe claim 1 of the '214 Patent at least because they do not include an end "an end cap configured to engage a distal end of the second tube, the end cap comprising: an end plate with an opening formed therethrough" and "at least one slit [that is] is communicative with the opening of the end plate," as is required by claim 1.

44. Accordingly, the Non-Infringing Products also do not infringe claims 2 to 5 of the '214 Patent, which claims depend from independent claim 1 of the '214 Patent.

45. Claim 6 of the '214 Patent requires, among other limitations, the following:

> "an end cap configured to engage a distal end of the second tube, the end cap comprising…a side wall connecting with the end plate along the circumference of the end plate."

46. The Non-Infringing Products do not infringe claim 6 of the '214 Patent at least because they do not include "an end cap configured to engage a distal end of the second tube, the end cap comprising…a side wall connecting with the end plate along the circumference of the end plate," as required by claim 6.

47. Accordingly, the Non-Infringing Products do not infringe claims 7 to 10 of the '214 Patent, which claims depend from independent claim 6 of the '214 Patent.

48. Claim 11 of the '214 Patent requires, among other limitations, the following:

> "an end plate with an opening formed therethrough…a side wall connecting with the end plate along the circumference of the end plate…wherein [] at least one slit is communication with the opening on the end plate."

49. The Non-Infringing Products do not infringe claim 11 of the '214 Patent at least because they do not include "an end plate with an opening formed therethrough…a side wall connecting with the end plate along the circumference of the end plate…wherein [] at least one slit is communication with the opening on the end plate," as required by claim 11.

50. Accordingly, the Non-Infringing Products do not infringe claims 11 to 20 of the '214 Patent, which claims depend from independent claim 11 of the '214 Patent.

### THE '214 PATENT IS INVALID UNDER AT LEAST 35 U.S.C. § 112 AND 35 U.S.C. § 103

51. At least claims 1 to 5 and 11 to 20 of the '214 Patent are invalid under 35 U.S.C. § 112.

52. Claim 1 of the '214 Patent requires "an end cap configured to engage a distal end of the second tube, the end cap comprising: an end plate with an opening formed therethrough" and "at least one slit [that is] is communicative with the opening of the end plate."

53. The '214 Patent is not enabling as to this claim limitation; it does not teach a person of ordinary skill in the art how to make and use an end cap with openings that are communicative

7

with any slits. Instead, the only arguable opening in the end cap described in the '214 Patent is not communicative with any slit at all.

54. For the same reasons, this limitation lacks written description support.

55. This limitation is also indefinite, because it is not clear how an opening can be communicative with a slit. It is impossible to determine the recited relationship with reasonable certainty.

56. Accordingly, claim 1, and dependent claims 2 to 5, which depend therefrom, are invalid under 35 U.S.C. § 112.

57. Claim 11 of the '214 Patent requires "an end plate with an opening formed therethrough…a side wall connecting with the end plate along the circumference of the end plate…wherein [] at least one slit is communication with the opening on the end plate."

58. The '214 Patent is not enabling as to this claim limitation; it does not teach a person of ordinary skill in the art how to make and use an end cap with openings that in communication with any slits. Instead, the only arguable opening in the end cap described in the '214 Patent is not communicative with any slit at all.

59. For the same reasons, this limitation lacks written description support.

60. This limitation is also indefinite, because it is not clear how an opening can be communicative with a slit. It is impossible to determine, with reasonable certainty, what is being claimed.

61. This limitation is further indefinite because there is no antecedent basis for the claimed "at least one slit is communication with the opening on the end plate." This lack of antecedent basis renders the claims indefinite because it cannot be determined, with reasonable certainty, what the claims are referring to.

8

62. Accordingly, claim 11 and dependent claims 12 to 20, which depend therefrom, are invalid under 35 U.S.C. § 112.

63. The claims of the '214 Patent are invalid as obvious under 35 U.S.C. § 103.

64. During prosecution, the claims were rejected over U.S. Patent No. 6,830,227 to Nakatani ("Nakatani").

65. Nakatani discloses nearly every limitation of the claims of the '214 Patent.

66. During prosecution, the only limitation that the Examiner found Nakatani was missing was the requirement for an "end plate."

67. Essentially, the Examiner found that Nakatani did not disclose a "cap," but rather disclosed a "sleeve" with the identical structures disclosed and claimed in the '214 Patent.

68. Uncited prior art demonstrates that it would have been obvious, to a person of ordinary skill in the art, to rely on a "cap" rather than a "sleeve."

69. For example, U.S. Patent No. 4,227,197 ("Bingham") demonstrates the benefits of a "cap" rather than a "sleeve."

70. A person of ordinary skill in the art would have recognized that among the benefits of using a "cap" in a telescoping tube arrangement would be that the cap could not slide down the inner, smaller-diameter tube. On the other hand, a "sleeve" could more easily slide as the two tubes are moved axially relative to one another, and is thus deficient as compared to a "cap" in certain ways.

71. A person of ordinary skill in the art would have found it obvious to combine, for example, Bingham with Nakatani to teach each and every limitation of the claims of the '214 Patent.

72. Such combination would be made with a reasonable expectation of success.

73. Such combination would not have relied on impermissible hindsight bias.

74. Such combination would have been obvious to try.

75. Such combination would have led to predictable results.

76. Such combination would have involved simple substitution of one element (a cap) for another (a sleeve) using the same structural elements of the existing, Nakatani sleeve.

77. Such combination would have relied on functional similarities between Nakatani and Bingham.

78. Such combination would have involved nothing more than the use of common sense to ensure that the sleeve of Nakatani did not slide down the tube to which it was affixed as that tube was moved axially relative to the other, larger, outer tube.

79. Claims 1 to 20 of the '214 Patent are invalid as obvious under 35 U.S.C. § 103 over at least Nakatani in view of Bingham.

80. For at least the reasons above, each and every claim of the '214 Patent is invalid under 35 U.S.C. § 101 et seq.

## COUNT I

**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '214 PATENT**

81. Plaintiff repeats and incorporates by reference the allegations of Paragraphs 1 to 80 as if reproduced fully herein.

82. An actual, justiciable, and continuing controversy exists between Plaintiff and Defendant concerning whether the Non-Infringing Products infringe the '214 Patent.

83. The Non-Infringing Products do not infringe any claim of the '214 Patent.

84. Plaintiff seeks a declaration that the Non-Infringing Products do not infringe the '214 Patent.

## COUNT II

## DECLARATORY JUDGMENT OF INVALIDITY OF THE '214 PATENT

85. Plaintiff repeats and incorporates by reference the allegations of Paragraphs 1 to 84 as if reproduced fully herein.

86. An actual, justiciable, and continuing controversy exists between Plaintiff and Defendant concerning whether the '214 Patent is valid.

87. The claims of the '214 Patent are invalid under 35 U.S.C. § 112 as lacking enablement, written description, and/or being indefinite.

88. The claims of the '214 Patent are invalid under 35 U.S.C. § 103 as being obvious over at least Nakatani in view of Bingham.

89. The combination of Nakatani and Bingham is proper under 35 U.S.C. § 103.

90. Plaintiff seeks a declaration that the '214 Patent is invalid

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks this Court to:

A. Find that none of the Non-Infringing Products infringe any claim of the '214 Patent;

B. Find that the claims of the '214 Patent are invalid;

C. Enjoin Defendant from further enforcement or assertion of the '214 Patent against the Plaintiff;

D. Find that this case is an "exceptional case" under 35 U.S.C. § 285 and Plaintiff is entitled to its attorney fees; and

E. Award Plaintiff other and further relief as may be proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff requests a trial by jury under Rule 38 of the Federal Rules of Civil Procedure of all issues that may be determined by a jury.

By: /s/ *Benjamin E. Weed*
Benjamin E. Weed
**Glacier Law LLP**
5336 Lyman Ave.
Downers Grove, IL 60515
ben.weed@glacier.law
(312) 481-7969

Tao Liu
Wei Wang
**Glacier Law LLP**
41 Madison Avenue, Ste. 2529
New York, NY 10010
tao.liu@glacier.law
wei.wang@glacier.law

COUNSEL FOR SHENZHEN NEEWER TECHNOLOGY CO., LTD.

Dated: February 17, 2026